## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SYRONE A. NERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-876-SLP |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is the Report and Recommendation [Doc. No. 26] (R&R) of United States Magistrate Judge Suzanne Mitchell, recommending that the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) be affirmed. Plaintiff has timely filed an objection to the R&R and the Commissioner has filed a Response. *See* Pl.'s Obj. [Doc. No. 27]; Def.'s Resp. [Doc. No. 28]. The Court must make a de novo determination of any portion of the magistrate judge's report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In this appeal under 42 U.S.C. § 405(g), Plaintiff challenges the decision of the Administrative Law Judge (ALJ) with respect to the residual functional capacity (RFC) findings. As relevant here, the ALJ determined Plaintiff had the following severe physical impairments: "disorders of the cervical and lumbar spine; discogenic and degenerative, status post November 2020 cervical fusion, C3-6, status post March 2021, lumbar L5

bilateral laminectomies, right L5-S1 foraminotomy, and L5 partial medial facetectomy; obesity[.]" *See* Administrative Record [Doc. No. 12] (AR) at 13.  The ALJ found Plaintiff had the RFC for "light work" except that Plaintiff can only "occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ropes, ladders, and scaffolds; must avoid exposure to workplace hazards, such as dangerous moving machinery and unprotected heights; requires a sit/stand option, in that claimant might be on her feet, standing and/or walking, for about 4 hours in an 8-hour workday and might be seated for about 4 hours in an 8-hour workday, and can maintain either posture for at least 30 minutes at any one time[.]"  AR 16.

In making the RFC determination, the ALJ relied, in part, on the opinions of two state agency medical consultants who opined that Plaintiff could perform light work as follows: occasionally lift and carry twenty pounds, frequently lift and carry ten pounds, stand or walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday.  AR 78-79, 92-93.  She could also occasionally climb ladders, ropes, and scaffolds.  *Id*.  As reflected in the ALJ's RFC, however, the ALJ included greater limitations than those found by the state agency medical consultants.

Plaintiff asks the Court to reverse the Commissioner's decision and remand the case for further proceedings.  Plaintiff argues the opinions of the stage agency medical consultants were stale as they were made prior to a deterioration in her condition.  Although the ALJ determined Plaintiff's RFC was more limited than the opinions of the state agency medical consultants, Plaintiff contends the ALJ did so without obtaining an informed medical opinion as to the evidence of record.  According to Plaintiff, the functional

limitations require "medical expertise to determine both what is safe and feasible for the particular individual." Obj. at 2-3. Plaintiff further contends the ALJ had a duty to develop the record as the ALJ cannot substitute her lay opinion for that of a medical professional. *Id*. at 3.

In her objection, Plaintiff does not direct the Court to any error with Judge Mitchell's analysis, but instead simply disagrees with the conclusions reached and reiterates the arguments previously raised. Upon independent review of the record and de novo consideration of the issues raised, the Court fully concurs with the analysis of Judge Mitchell which carefully considered and rejected each of these arguments.

As Judge Mitchell found, a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question is not required by the regulations. R&R at 18 (citing *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012)). Moreover, it is the ALJ, not a physician, charged with determining a claimant's RFC from the medical record. *See* R&R at 19, 25-26 (citing cases). Thus, the ALJ was not required to obtain medical expertise as to functional limitations.

And the ALJ did not err in his duty to develop the record. The need for an additional consultative examination is not "clearly established" in the record. *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997). As detailed by Judge Mitchell, the medical and other evidence of record, including evidence of how Plaintiff's condition had evolved up to the time of the hearing, was sufficient to evaluate Plaintiff's RFC. The ALJ addressed this evidence, including Plaintiff's own reports, and concluded Plaintiff had significant improvement following surgery. As Judge Mitchell found, the ALJ did not just rely on the

opinions of the state agency consultants.  The ALJ "considered the effect of the newer evidence and added further limitations to accommodate Plaintiff's most recent medical treatment."  R&R at 25.

For these reasons, and the reasons ably explained by Judge Mitchell, the Court finds the ALJ's decision is supported by substantial evidence and consistent with applicable legal standards.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 27] is ADOPTED.  The Commissioner's decision is AFFIRMED.  Judgment shall be entered accordingly.

IT IS SO ORDERED this 27th day of October, 2023.

_____
**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**